OPINION
{¶ 1} Defendant-appellant, Robert Lee Harris, appeals the decision of the Butler County Court of Common Pleas imposing a financial sanction as part of his sentence. We affirm the trial court's decision.
 {¶ 2} Harris pled guilty to a felony domestic violence charge in 2003, and was sentenced to serve 12 months in prison. At the sentencing hearing, the trial court reviewed a Pre-Sentence Investigation ("PSI") report that included information about appellant's educational and employment history. The PSI indicated that appellant had no assets and no major financial obligations.
 {¶ 3} The trial court was told that appellant had a job offer with a construction company if he were released and not sentenced to prison. The trial court stated on the record at the hearing that, "We'll impose a $1,000 fine, having considered the defendant's resources and ability to pay."
 {¶ 4} For the first time in the trial court's sentencing entry, appellant was ordered "to pay all costs of prosecution and any fees permitted pursuant to Revised Code Section2929.18(A)(4)." The sentencing entry also indicated that the trial court considered appellant's present and future ability to pay the amount of any sanction or fine.
 {¶ 5} Appellant presents one assignment of error on appeal, specifically targeting the imposition of the costs of confinement, which is included in R.C. 2929.18(A)(4).
 {¶ 6} Assignment of Error:
 {¶ 7} "The trial court denied appellant's constitutional right to procedural due process under the ohio and united states constitutions by ordering the appellant to pay any fees permitted pursuant to revised code §§ 2929.18(a)(4), without first holding a hearing to determine the amount of reimbursement for his confinement and determiningwhether the appellant had the ability to pay as required by revised code 2929.18(A)(4)(a)(ii)."
 {¶ 8} While we note that the trial court did not specifically list the costs of confinement in its entry imposing financial sanctions, the trial court did cite to "any fees permitted pursuant to R.C. 2929.18(A)(4)," which includes costs of confinement. Therefore, we will address this appeal as if those costs were expressly mentioned in the sentencing entry.
 {¶ 9} R.C. 2929.18(A) states, in part, that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: * * *
 {¶ 10} "(4)(a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following:
 {¶ 11} "(i) All or part of the costs of implementing any community control sanction;
 {¶ 12} "(ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14 or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement."[1]
 {¶ 13} R.C. 2929.19(B)(6) states, "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." This court has previously found that although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue. State v. Stevens (Sept. 21, 1998), Clinton App. No. CA98-01-001 (appeals court reviewing order of restitution).
 {¶ 14} R.C. 2929.18(E) states, "A court that imposes a financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." This court previously found that the trial court's review of pertinent information contained in the PSI was sufficient consideration in that case of the offender's present and future ability to pay.State v. Flanagan, Butler App. No. CA2002-05-120, 2003-Ohio-1444, at ¶ 26-28.
 {¶ 15} Having reviewed the record, we find that appellant's sentence was not contrary to law, and that appellant was not denied due process. The record shows that the trial court considered appellant's ability to pay the financial sanctions it imposed. In its sentencing entry ordering appellant to pay any fees pursuant to R.C. 2929.18(A)(4), the trial court specifically stated that it had considered appellant's present and future ability to pay the sanctions imposed. The record further shows that the trial court had reviewed the PSI, which included information regarding appellant's educational and employment history, as well as his assets and financial obligations. In imposing the $1,000 fine at the sentencing hearing, the trial court also stated that it had considered appellant's resources and his ability to pay.
 {¶ 16} Accordingly, we find no error by the trial court in this case. We do not find that the trial court was required to determine the precise amount of the fees permitted under R.C.2929.18(A)(4), such as the costs of confinement. The record shows that, in accordance with R.C. 2929.19(B)(6), the trial court considered appellant's present and future ability to pay the financial sanctions it imposed. Appellant's sole assignment of error is overruled.
 {¶ 17} Judgment affirmed.
Walsh, J., concurs.
Valen, J., dissents.